**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 11, 2024
Decided July 9, 2025

*Before*

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

DORIS L. PRYOR, *Circuit Judge*

No. 23-2785

| | |
|---|---|
| TED VELLEFF,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>SHERIFF OF COOK COUNTY and<br>COOK COUNTY, ILLINOIS,<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 17-cv-08120<br><br>**Steven C. Seeger**,<br>    *Judge*. |

**O R D E R**

Plaintiff-Appellant Ted Velleff, on behalf of himself and a putative class, challenged as unconstitutional, under 42 U.S.C. § 1983, a policy at the Cook County Jail, Illinois, run by the Cook County Sheriff, pursuant to which an inmate's government-issued identification card may be destroyed if left unclaimed in jail storage for 45 days after the inmate is transferred from the Cook County Jail to state prison. The district court denied class certification and granted the Sheriff summary judgment. For the reasons discussed below, we affirm.

## I. Factual Background

When a person is arrested, the Cook County Jail seizes and inventories their property. Under the direction of the Cook County Sheriff, the jail stores all compliant property until the arrestee is either released or transferred to the Illinois Department of Corrections (IDOC).

When a person is transferred from the Cook County Jail to IDOC, he must fill out a property disposal form. The form gives the inmate an opportunity to designate a third party to pick up the inmate's property from jail storage within a specified window of time. The form warns: "If the property is NOT picked up within forty-five (45) days … it will be removed from storage and disposed of accordingly." The 45-day property retrieval window thus requires the inmate to arrange for the retrieval of their property within a certain window of time, and if they don't, the Sheriff may destroy the property. The property disposal form asks the inmate to acknowledge the Sheriff's designate-or-destroy policy and property retrieval window with a signature. The Sheriff enforces the policy even though IDOC facilities accept compliant personal property from sending jails. In other words, if the Sheriff were to send government-issued identification cards to IDOC along with their owners, IDOC would accept them.

Ted Velleff was arrested and brought to the Cook County Jail on either September 9 or 25, 2013 (the record is unclear), and again on September 27, 2016. He was subsequently transferred to IDOC on January 24, 2014, and on August 1, 2017, respectively. On the day of each transfer, Velleff signed a property disposal form describing the jail's designate-or-destroy policy.[1] Both times, Velleff failed to designate anyone to retrieve his property within the specified window of time. No one retrieved Velleff's property in 2014 or 2017, and Velleff himself did not try to recover his property until this lawsuit.

## II. Relevant District Court Proceedings

On April 19, 2021, Velleff was added as a named plaintiff in a putative class action lawsuit challenging Cook County Jail's designate-or-destroy policy. The litigation originally began on November 9, 2017, and already featured two other named plaintiffs. Because this appeal concerns only Velleff, we describe only the district court proceedings relevant to Velleff's claims.

---

[1] The 2014 version of the form contained a 30-day property retrieval window while the 2017 version offered a 45-day window.

No. 23-2785                                                                                              Page 3

      Invoking 42 U.S.C. § 1983, which allows plaintiffs to sue government officials for constitutional violations, Velleff argued that the Sheriff's policy violated both the substantive and procedural components of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.[2] Velleff moved for class certification on July 23, 2021, seeking to form a class of plaintiffs who had been sent from the Cook County Jail to IDOC without their government-issued identifications on or after November 9, 2015. On March 14, 2022, the district court denied class certification for lack of numerosity. *See* FED. R. CIV. P. 23(a)(1). The court observed that over 90% of the 42 potential class members offered by Velleff had been transferred to IDOC *before* the proposed class period, meaning they could not be part of the proposed class. The court also observed that the Sheriff had located and returned to Velleff the property the Sheriff had seized following Velleff's September 2013 arrest. The court questioned whether Velleff could adequately represent the proposed class after the return of some of his property, but ultimately denied class certification for lack of numerosity.

      The Sheriff moved for summary judgment on Velleff's procedural and substantive due process claims on November 15, 2022. The district court granted that motion on August 21, 2023. The court held that our decision in *Conyers v. City of Chicago* controlled the procedural due process analysis. 10 F.4th 704 (7th Cir. 2021). In that case, we denied a procedural due process challenge to the Chicago Police Department's policy of destroying personal property that the city deemed abandoned. *Id.* at 712–15. Next, the district court held that our decision in *Kelley-Lomax v. City of Chicago* controlled the substantive due process analysis. 49 F.4th 1124 (7th Cir. 2022). In that case, we upheld the same Chicago police policy challenged in *Conyers* against a substantive due process challenge because the plaintiff was unable to show that the policy burdened a fundamental right or liberty interest. *Id.* at 1125.

      Velleff proceeds solo on appeal. He abandons his procedural due process claim along with his co-plaintiffs, leaving us to resolve only one constitutional claim:

---

[2] In cases involving the government's interference with property rights, procedural due process claims focus on whether the government offered both adequate notice and an opportunity to respond before taking the property. *Conyers v. City of Chicago*, 10 F.4th 704, 712 (7th Cir. 2021). Substantive due process claims are far more limited and focus on whether the government has infringed on a deeply rooted liberty interest or right. *Kelley-Lomax v. City of Chicago*, 49 F.4th 1124, 1125 (7th Cir. 2022).

substantive due process. Velleff also requests that we reverse the district court's denial of class certification, but we do not reach that issue.

### III. DISCUSSION

We review a grant of summary judgment de novo, construing the undisputed material facts in the light most favorable to Velleff, the nonmoving party. *Palmer v. Franz*, 928 F.3d 560, 563 (7th Cir. 2019).

We note at the outset that Velleff does not challenge the initial seizure of his property upon arrival at the Cook County Jail. Nor can he. It is "well-settled" that law enforcement has the right to seize and inventory property upon arrest and manage it thereafter. *Conyers*, 10 F.4th at 706 (citing *Illinois v. Lafayette*, 462 U.S. 640, 646 (1983)). Instead, Velleff argues that the Sheriff's implementation of the designate-or-destroy policy, as opposed to simply shipping his government-issued identification card to IDOC along with him, was an unconstitutional interference with Velleff's property rights in violation of the substantive due process protections enshrined in the Fourteenth Amendment.

The Due Process Clause of the Fourteenth Amendment has both a procedural and a substantive component. *Lukaszczyk v. Cook County*, 47 F.4th 587, 599 (7th Cir. 2022). The success of a substantive due process claim depends in large part on whether the challenged governmental policy infringes upon a "fundamental right or liberty." *Id.* at 599–600. An asserted fundamental right not explicitly mentioned in the Constitution must have "deep roots in our history and traditions," *Kelley-Lomax*, 49 F.4th at 1125, so deep that the asserted right must be "implicit in the concept of ordered liberty," *Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215, 231 (2022) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)). Plaintiffs asserting such a fundamental right must provide a "careful description" of the right, with our country's "history, legal traditions, and practices" serving as critical guideposts. *Glucksberg*, 521 U.S. at 721.

A government policy that does not implicate a fundamental right is subject to highly deferential rational-basis review, under which a policy need only be "rationally related to a legitimate government interest." *Lee v. City of Chicago*, 330 F.3d 456, 467 (7th Cir. 2003). This test places a "heavy burden" on plaintiffs: they must "negate 'every conceivable basis which might support'" the challenged policy. *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1071 (7th Cir. 2013) (quoting *FCC v. Beach Comms., Inc.*, 508 U.S. 307, 315 (1993)). If "some rational basis exists" upon which the challenged policy *could* be based, the policy survives rational-basis review regardless of what reasons actually motivated the policy. *Id.*

We have cautioned that substantive due process cannot be invoked as "a blanket protection against unjustifiable interferences with property." *Gen. Auto Serv. Station v. City of Chicago*, 526 F.3d 991, 1000 (7th Cir. 2008) (additional citation omitted); *see Kelley-Lomax*, 49 F.4th at 1125 (explaining that plaintiff could not succeed on substantive due process claim simply "by pointing to the fundamental status of 'property' in the abstract"). Instead, when a plaintiff alleges "only the deprivation of a property interest," rather than interference with a fundamental right, we will not even engage in rational-basis review of the challenged policy unless the plaintiff first demonstrates "either the inadequacy of state law remedies or an independent constitutional violation." *Lee*, 330 F.3d at 467 (quoting *Doherty v. City of Chicago*, 75 F.3d 318, 323–26 (7th Cir. 1996)); *GEFT Outdoors, LLC v. City of Westfield*, 922 F.3d 357, 368–69 (7th Cir. 2019).

With these principles in mind, we turn now to Velleff's substantive due process claim, and our analysis can be brief. By arguing that the Sheriff's designate-or-destroy policy is not "rationally related to a legitimate government interest," Velleff invokes the language of the rational-basis test, thereby conceding that, because no fundamental right is in play, rational-basis review applies. *See Kelley-Lomax*, 49 F.4th at 1125 (concluding that destruction of inmate property after passage of a property retrieval window did not implicate a fundamental right for substantive due process purposes). But Velleff has not met the threshold requirements for rational-basis review that we set out in *Lee* and described above. Velleff pursues only his substantive due process claim on appeal, but he has not shown "an independent constitutional violation." *See Lee*, 330 F.3d at 467. Nor does he attempt to demonstrate "the inadequacy of state law remedies," such as the property retrieval procedure established by the Sheriff. *Id.* These deficiencies are fatal to Velleff's substantive due process claim. Accordingly, we affirm the district court's grant of summary judgment without engaging in rational-basis review. *See id*. Moreover, because Velleff's only surviving claim fails, he has no claim around which to organize a class. We therefore need not consider whether the district court abused its discretion in denying class certification.

AFFIRMED.